IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                    PETITIONER

v.                                      Civil No. 4:22-cv-04120

HEMPSTEAD COUNTY                                                        RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  ECF No. 1.  This Petition was filed on December 13, 2022 by Willie Munn ("Munn").  This Court finds no response is necessary.  This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Petition and finds this Petition should be **DENIED.**[1]

Based upon Munn's Complaint, his direct appeal is still pending before the Arkansas Supreme Court.  ECF No. 1.  Pursuant to the language of 28 U.S.C. § 2254(b)(1)(A), a *habeas* petition cannot be granted where a petitioner has not "exhausted the remedies available in the courts of the State."  Here, according to the facts alleged in the Petition, Munn's direct appeal is pending, and he has not exhausted his state court remedies.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (8th Cir. 1999) (recognizing "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").  Thus, this Petition is not ripe for consideration and must be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[1] Munn was directed to file his IFP application by January 25, 2023, and his mail was returned undeliverable: "Mail Returned as Undeliverable marked Return to sender.  Unclaimed.  Unable to forward.  Mail originally sent to Willie Munn at Hempstead County Detention Center including 2 Order Directing Pleading to be Filed.  No new address available."

objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this **25th day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE